# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00491-CR

**Angel Medina, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
## NO. 1010113, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Angel Medina was convicted of injury to a child on his plea of guilty and judicial confession. In accordance with a plea bargain, the trial court assessed punishment at imprisonment for ten years and a $500 fine, suspended imposition of sentence, and placed appellant on community supervision. Appellant later filed a motion asking the court's permission to appeal. No action appears to have been taken on the motion, and the trial court has certified that appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Appellant has filed a motion in this Court challenging the trial court's certification that he has no right of appeal. Appellant asserts that he intends to raise a jurisdictional issue and that he is entitled to do so notwithstanding the express terms of rule 25.2. This contention was recently addressed by the court of criminal appeals in *Griffin v. State*, No. 1092-03, 2003 Tex. Crim. App.

LEXIS 1614 (Tex. Crim. App. Sep. 29, 2004). In that case, the defendant urged that rule 25.2(a)(2) improperly abridged his right to raise jurisdictional matters on direct appeal. *Id*. at *2. The court rejected this contention, holding that: (1) the language of rule 25.2(a)(2) is substantially identical to the proviso to article 44.02 from which it is derived;[1] (2) the legislature did not make an exception for appeals of jurisdictional issues following bargained guilty pleas; and (3) the rule does not impermissibly abridge the right to appeal. *Id*. at *10-11. The court affirmed the court of appeals's judgment dismissing the defendant's appeal. *Id*. at *11.

Appellant's motion to correct the certification of his right of appeal is overruled. Because the trial court correctly certified that appellant has no right of appeal, the appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 25.2(d).

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed: October 21, 2004

Do Not Publish

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 1979) (proviso repealed by order of court of criminal appeals).